Loyd E. Smith WSB #5-2509
COAL CREEK LAW LLP
211 W. 19th Street, Suite 300
P.O. Box 467
Cheyenne, WY  82003-0467
P: (307) 634-1525
F: (307) 638-7335
lsmith@coalcreeklaw.com
*Attorney for ITS Logistics, LLC*

**FILED**

**5:02 pm, 12/20/24**

**Margaret Botkins
Clerk of Court**

### IN THE UNITED STATED DISTRICT COURT
### FOR THE DISTRICT OF WYOMING

TIFFANY GRUETZMACHER,                          )
                                               )
      Plaintiff,                              )
                                               )
v.                                             )
                                               )
VAMAR INC., SAVIOL SAINT JEAN, REY             )
LOGISTICS, INC., OSVALDO HERRERA PUPO, )
And AGUSTIN SANCHEZ PAVON,                     )    Civil Action No. 24-CV-270
                                               )
      Defendants.                             )
                                               )
ASHLEY HARRIS, as the Wrongful Death           )
Death Representative in the Matter of the Wrongful )
Death of TYELER HARRIS, deceased.              )
                                               )
      Plaintiff,                              )
                                               )
      Vs.                                     )
                                               )
VAMAR INC., SAVOL SAINT JEAN, AGUSTIN )
SANCHEZ PAVON, SAIA MOTOR FREIGHT              )
LINE, LLC, ANDREW GIBBS, EMOJI                 )
LOGISTICS, LLC and ITS LOGISTICS, LLC          )
                                               )
      Defendants.                             )

### DEFENDANT ITS LOGISTICS, LLC'S PETITION AND NOTICE OF REMOVAL OF STATE COURT ACTION

Defendant ITS Logistics, LLC ("ITS"), through counsel, and pursuant to Federal Rule of

1

Civil Procedure 81(c), U.S.D.C.L.R. 81.1, and 28 U.S.C. §§ 1441 and 1446, hereby petitions this Court to remove these consolidated civil actions filed by Plaintiffs in the District Court, Third Judicial District, Sweetwater County Wyoming to the United States District Court for the District of Wyoming. These actions, prior to their consolidation in the state court, had previously been separately removed and then remanded in this Court in Civil Action Numbers 23-cv-00243-SWS and 23-cv-00244-SWS. In support of this Petition, Defendant states as follows:

1.      Plaintiff Ashley Harris ("Harris") filed her original Complaint in this matter on November 9, 2023, in the Wyoming Third Judicial District, Civil Action No. 2023-cv-0000229. (**Exhibit A**, **Harris Complaint, p. 1**)[1]. Plaintiff Harris, in her original Complaint, sued Defendants Vamar, Inc. ("Vamar"), Saviol Saint Jean ("Saint Jean"), Rey Logistics, Inc. ("Rey Logistics"), Osvaldo Herrera Pupo ("Pupo"), Augustin Sanchez Pavon ("Pavon"), SAIA Motor Freight Line, LLC ("SAIA") and Andrew Gibbs ("Gibbs").

2.      Plaintiff Tiffany Gruetzmacher ("Gruetzmacher") filed her original Complaint in this matter on November 20, 2023. in the Wyoming Third Judicial District, Civil Action No. 2023-cv-0000244. (**Exhibit B**, **Gruetzmacher Complaint**). Plaintiff Gruetzmacher, in her original Complaint, sued Defendants Vamar, Saint Jean, Rey Logistics, Pupo and Pavon.

3.      Both lawsuits arise out of a multi-vehicle accident occurring December 21, 2022, on Wyoming Interstate 80 at mile-marker 197 near Wamsutter, Wyoming. Both Plaintiffs sued on theories of negligence against all Defendants and sought exemplary damages against certain Defendants.

4.      On December 27, 2023, Defendant Vamar removed both cases to this Court. (Doc.

---

[1] In order not to burden the record, only the first page showing the date of filing of the original Harris and Gruetzmacher Complaints are attached hereto, as these Complaints were filed with this Court when the cases were originally removed.

2

1, 23-cv-00243-SWS; Doc 1, 23-cv-00244-SWS) upon the basis of diversity of citizenship. Defendant Saint Jean also filed a "Renewed Notice of Removal" on February 12, 2024, seeking to remedy deficiencies in the original removal pleadings.

5.    On March 20, 2024, this Court remanded both cases to the state district court, finding that the removing parties did not satisfy the requirement of unanimity of all defendants to removal.

6.    Upon return of the cases to state court, on July 12, 2024, Judge Suzannah Robinson consolidated the two cases for all purposes. (**Exhibit C**, **Order of Consolidation**). Pursuant to a scheduling order entered that same date, the consolidated cases are set for trial commencing August 18, 2025.

7.    Defendants Rey Logistics and Pupo were dismissed from the consolidated cases by Order dated October 3, 2024. (**Exhibit D**, **Order of Dismissal**).

8.    Upon information and belief, Defendant Pavon has recently settled with both Plaintiffs, although dismissal pleadings are yet to be filed.

9.    On November 6, 2024, Plaintiff Harris filed an unopposed motion to amend the pleadings to add Emoji Logistics, LLC ("Emoji") and ITS as defendants in the Harris case. Similarly, on November 19, 2024, Plaintiff Gruetzmacher also filed a motion to amend to add Emoji and ITS as defendants in the Gruetzmacher case. Judge Robinson granted Plaintiff Harris's motion on November 8, 2024, and Plaintiff Gruetzmacher's motion on November 20, 2024. (**Exhibit E, Harris Order; Exhibit F, Gruetzmacher Order**).

10.    Plaintiff Harris filed her Amended Complaint on November 8, 2024. (**Exhibit G, Harris Amended Complaint**). Plaintiff Gruetzmacher filed her *Amended Complaint* on November 22, 2024. (**Exhibit H, Gruetzmacher Amended Complaint**). Both Plaintiffs assert

negligence claims against Emoji and ITS.

11.    ITS was served with the Harris *Amended Complaint* on November 21, 2024, in Wilmington, Delaware. (**Exhibit I, Affidavit of Service on ITS, Harris Case**). ITS's answer to the Harris *Amended Complaint* is due on or before December 23, 2024.

12.    ITS was served with the Gruetzmacher *Amended Complaint* on December 2, 2024. (**Exhibit J, Summons on ITS with date served in Gruetzmacher case**). ITS's answer to the Gruetzmacher *Amended Complaint* is due January 2, 2025.

<u>COMPLETE DIVERSITY IS SATISFIED</u>

13.    Complete diversity exists between the parties in these consolidated cases as Plaintiffs are not citizens of the same state as any of the Defendants.

a.    Plaintiff Harris is a resident and citizen of Wyoming.

b.    Plaintiff Gruetzmacher is a resident and citizen of Wyoming.

c.    Defendant Vamar is an Illinois corporation with its principal place of business in West Chicago, Illinois.

d.    Defendant Saint Jean is a resident and citizen of the state of New York.

e.    Defendant Pavon, although in the process of being dismissed, is a resident and citizen of North Carolina.

f.    Upon information and belief, Defendant Gibbs is a resident and citizen of Utah.

g.    Defendant SAIA Motor Freight Line, LLC is a Louisianna limited liability company with its principal place of business in Georgia. The sole member of SAIA Motor Freight Line, LLC is SAIA, Inc., a Delaware corporation with its principal place of business in Georgia.

h.    Upon information and belief, Emoji Logistics, LLC is a Florida limited liability company with its principal place of business in Florida. The sole member of Emoji Logistics, LLC

is Philona Marcellus, a resident and citizen of Florida.

i.      ITS Logistics LLC is a Delaware limited liability company with its principal place of business in Nevada. It is a single-member LLC, with its sole member being ITS Acquisitions, LLC.  ITS Acquisitions, LLC is a single member Delaware, limited liability company with its principal place of business in Nevada. ITS Acquisitions, LLC sole member is ITS Holdings, LLC. ITS Holdings, LLC is a single-member Delaware limited liability company. with its principal place of business in Nevada.  ITS Holdings, LLC's sole member is ITS Buyer, Inc., a Delaware corporation with its principal place of business in Nevada.

AMOUNT IN CONTROVERSY

14.     Neither Plaintiff states a specified amount of damages in their respective Amended Complaints. The pleadings make clear, nevertheless, that the amount in controversy in each of the consolidated cases standing alone exceeds $75,000.00. Plaintiff Gruetzmacher alleges she sustained "serious and permanent injuries". (Exh. H, Gruetzmacher Amended Complaint, ¶ 25). Plaintiff Gruetzmacher alleges she sustained a brain injury, lumbar injury, right wrist fracture, impaired swallow, daily headaches, anxiety, depression, vertigo, occipital bone fracture, left arm motor apraxia, severe emotional distress and post-traumatic stress. (*Id.* ¶ 122). She also seeks exemplary damages from some of the defendants.  Plaintiff Gruetzmacher alleges that "*as to each defendant* the amounts in controversy greatly exceed fifty thousand dollars," referencing the jurisdiction amount required in the state district court. (*Id*. ¶ 7) (emphasis added). Plaintiff Harris also alleges the amount in controversy for her claim "*greatly* exceeds fifty thousand dollars." (Exh. G, Harris Amended Complaint, ¶ 11). Plaintiff Harris seeks "pecuniary damages, exemplary damages, lost earnings, lost earning capacity, and damages for loss of future companionship, society and comfort." (*Id*. ¶ 2). When the plaintiff's damages are unspecified, "courts generally

require that a defendant establish the jurisdictional amount by a preponderance of the evidence." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). The above allegations manifestly demonstrate the amount in controversy exceeds $75,000.00.

TIMELINESS OF PETITION

15.     ITS was served with the Harris Amended Complaint on November 21, 2024, and with the Gruetzmacher Amended Complaint on December 2, 2024 (*see* ¶¶ 11 and 12 *supra*), such that this Petition is filed within thirty (30) days after service of the earlier Amended Complaint (initial pleading), thereby satisfying the requirement of 28 U.S.C.A. § 1446(b).

16.     ITS' Petition also falls within the exception to the one-year limit on removal found in 28 U.S.C.A. § 1446(c) on the basis that Plaintiffs acted in bad faith in order to prevent ITS from removing these consolidated cases. Plaintiff Harris, in her November 6, 2024, motion in state court seeking to amend to add Emoji and ITS as new defendants, informed the court that, on October 16, 2024, Defendant Vamar produced in discovery a lease agreement between Vamar and Emoji Logistics which purportedly applies to the tractor-trailer being driven by Saint Jean and also by interrogatory answers indicated that driver Saint Jean was paid by Emoji. (**Exhibit K, Harris Motion to Amend**, pp 4, 5). Plaintiff Harris, implying that she had not known of the existence or role of Emoji previously, sought to add Emoji as a defendant. With respect to her request to add ITS to the lawsuit, Plaintiff Harris stated: "Another reasonable inference from the evidence is that ITS Logistics negligently hired or negligently brokered the Subject Load to Emoji Logistics and Defendant Vamar. (*Id*. p. 5). Plaintiff Harris's Motion to Amend does not identify what evidence supports the inference as to ITS and does not state when she became aware of ITS' involvement in the load. Plaintiff Harris implies in her Motion to Amend, however, that she first became aware of ITS' involvement in connection with discovery exchanged in October 2024.

6

17.     Plaintiff Gruetzmacher, in her November 19, 2024, motion to amend to add Emoji and ITS, simply adopted Plaintiff Harris' rationale for the amendment and addition of the parties. (**Exhibit L, Gruetzmacher Motion to Amend**, p. 2).

18.     Plaintiff Harris, however, has known of ITS' involvement as the broker of the Vamar load at least since April 2024, six months prior to her motion seeking to add ITS as a party. Attached hereto as **Exhibit M** are Plaintiff Harris' Rule 26 Disclosures served April 22, 2024.  On page 4 of this document, Plaintiff Harris identifies the documents produced, including an ITS Logisitics Rate Confirmation, bates numbered Harris 006-007. (*Id*. p. 4). The subject ITS Logistics Rate Confirmation attached to these disclosures is submitted herewith as **Exhibit M-1**.  Thus, Plaintiff Harris knew that ITS was the load broker for Vamar in April 2024, and produced that information to the other parties at that time.

19.     Both Plaintiffs vigorously opposed the first removal of these cases in late 2023 and early 2024. *See* Plaintiffs' opposition pleadings filed in Civil Action No. 23-cv-243 SWS and Civil Action No. 23-cv-244 SWS. Plaintiffs, in their opposition pleadings, evinced a sophisticated understanding of the removal statutes and they unquestionably were aware of the one-year deadline for removal found in 28 U.S.C.A. § 1446(c). Plaintiffs, however, delayed seeking amendment to add ITS as a defendant until such a time that ITS could not remove the case within the one-year period. Plaintiff Harris served ITS with the Amended Complaint on November 8, 2024, 364 days after the case was filed on November 9, 2023, making it impossible for ITS to remove the case within the one-year deadline. Plaintiff Gruetzmacher served ITS with her Amended Complaint on December 2, 2024, similarly precluding ITS from removing within the one-year period.

20.     Plaintiffs were aware that ITS was Vamar's load broker for at least six months before seeking to bring ITS into the litigation. The only reasonable inference from the timing of

the amendments bringing ITS into the litigation is that Plaintiffs manipulated the timing in a bad faith effort to preclude ITS from removing the consolidated cases to federal court. Accordingly, this removal petition is timely under the bad faith exception to the one-year deadline in 28 U.S.C.A. § 1446(c).

DEFENDANTS' CONSENT TO REMOVAL

21.    As of the date of this Petition, all Defendants in these consolidated cases are represented by counsel except Emoji. Counsel for all represented Defendants have advised the undersigned counsel that they and their clients consent to this removal. In addition, Philona Marcellus, the owner of Emoji Logistics, LLC, consents to removal on behalf of Emoji. Ms. Marcellus's written email consent is attached hereto as **EXHIBIT N.**

22.    In accordance with 28 USC § 1446(d) and Rule 81.1 U.S.D.C.L.R., Defendants are simultaneously filing a copy of this Petition for Removal with the Clerk of the Third Judicial District Court and serving all parties of record in both of the consolidated cases.

10.    Defendant ITS submits herewith the filing fee of $ $405.00.

WHEREFORE, Defendant ITS prays that the court enter the Order of Removal submitted herewith by Defendant ITS.

DATED this 20 day of December 2024.

ITS LOGISTICS, LLC

By: _____
Loyd E. Smith, WSB #5-2509
COAL CREEK LAW LLP
211 W. 19th Street, Suite 300
P.O. Box 467
Cheyenne, WY 82003-0467
P: (307) 634-1525
F: (307) 638-7335
lsmith@coalcreeklaw.com
*Attorney for ITS Logistics, LLC*

## CERTIFICATE OF SERVICE

This is to certify that on this 20 day of December 2024, a true and correct copy of the foregoing **DEFENDANT ITS LOGISTICS, LLC'S PETITION AND NOTICE OF REMOVAL OF STATE COURT ACTION** was served by email and U.S. Mail, first-class postage prepaid, upon the following

Burg Simpson Eldredge Hersh & Jardine, P.C.
Attn: Colin Simpson, Larry Jones, and David Hill
1135 14th Street
Cody, WY 82414
csimpson@burgsimpson.com
ljones@burgsimpson.com
dmhill@burgsimpson.com
*Attorneys for Plaintiff Gruetzmacher*

The Fitzgerald Law Firm
Attn: James Fitzgerald and Michael Fitzgerald
2108 Warren Ave.
Cheyenne, WY 82001
jim@fitzgeraldlaw.com
michael@fitzgeraldlaw.com
*Attorneys for Plaintiff Harris*

Williams, Porter, Day & Neville, P.C.
Attn: Scott Ortiz & Keith Dodson
P.O. Box 10700
Casper, WY 82602
sortiz@wpdn.net
kdodson@wpdn.net
*Attorneys for Defendant Vamar, Inc.*

Hirst Applegate, LLP
Attn: Khale Lenhart & Tyson Woodford
P.O. Box 1083
Cheyenne, WY 82003
klenhart@hirstapplegate.com
twoodford@hirstapplegate.com
*Attorneys for Defendants Saia Motor Freight Line, LLC & Andrew Gibbs*

Schwartz, Bon, Walker & Studer, LLC
Attn: Patrick Holscher
141 S. Center Street, Suite 500
Casper, WY 82601
pat@schwartzbon.com
*Attorney for Defendant Augustin Sanchez Pavon*

9

Emoji Logistics, LLC
Attn: Philona Marcellus
4155 NW 100th Avenue
Coral Springs, FL 33065
Philonas@hotmail.com

COAL CREEK LAW LLP